# Hahn

*v.*

# Roller.

(*Supreme Court of Appeals of Virginia, March 12, 1874.*)

**Bonds—Perfect on Face—Delivery in Escrow—Estoppel.\***

A bond which is a complete and perfect instrument on its face at the time of its delivery to the obligee, was executed by a person as surety, upon the condition that it should not be delivered until executed by another person, and it was placed in the hands of the principal obligor, and without being so executed it was delivered by the obligor to his obligee, who was not informed of the condition: *held*, the bond is the valid bond of the surety, and he cannot set up the condition against the obligee.

Appeal from circuit court of Rockingham county.

*George G. Grattan*, counsel for appellant.

*John E. Roller*, counsel for appellee.

Staples, J., delivered the opinion of the court.

The plaintiff in error instituted an action of debt in the circuit court of Rockingham county against Peter S. Roller, upon a writing obligatory executed by him and Josiah S. Roller.

---

\*See foot-note to Nash *v*. Fugate, 24 Gratt. 202; monographic note on "Bonds" appended to Ward *v*. Churn, 18 Gratt. 801.

The defendant filed two pleas in writing setting forth substantially that he signed and sealed that writing which is the subject of controversy, and delivered the same to his obligor, Josiah S. Roller, the principal, as an escrow, upon the condition that if Peter Roller should execute the same as security, then the same should be delivered as the deed of the defendant, and not otherwise, and the same was never executed by the said Peter Roller.

Upon these pleas issue was joined, and the parties agreed the facts in lieu of a special verdict. And upon these facts the court gave judgment for the defendant.

The case is before us upon a writ of error to that judgment.

It is proper to observe that the instrument is complete on its face, and the facts agreed show that the obligee at the time of the delivery to him had no notice of the agreement stated in defendant's pleas.

The case presents identically the same questions decided by this court in the case of Nash v. Fugate, recently decided by this court. It was there held that a surety, who executes and delivers to his principal, a bond complete and perfect on its face, is estopped to claim that it is a mere escrow, as against the obligee who receives the instrument *bona fide*, for a valuable consideration in ignorance of the agreement which renders it a mere escrow.

It is therefore only necessary to refer to the opinion delivered in that case as embracing all that is necessary to be said in this ; and as conclusive of the decree to be made here.

This now renders it unnecessary to express any opinion in regard to the competency of Peter S. Roller as a witness. For if it be conceded that he is competent, the facts stated by him constitute no defence against the claim

of the plaintiff. If on the other hand he is considered incompetent, there is an entire absence of his testimony to show the alleged agreement upon which the defence is founded.

The judgment of the circuit court must therefore be reversed, and judgment given here for the plaintiff.